**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 98-4114

BIJAN KIANI,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-97-360)

Submitted: October 30, 1998

Decided: August 5, 1999

Before ERVIN, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Edwards Harrison, HARRISON & HUGHES, P.C., Alexandria,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,
LeDora Knight, Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Bijan Kiani appeals his conviction and sentence following a jury trial for his role in a conspiracy to possess with intent to distribute cocaine. See 21 U.S.C. § 846 (1994). The evidence at trial established that Kiani was a significant supplier of cocaine in Northern Virginia, Maryland and Washington, D.C. For his part in the conspiracy, the district court sentenced Kiani to 262 months in prison and five years of supervised release. This appeal followed.

At trial, the Government offered the testimony of several of Kiani's co-conspirators to prove the existence of the conspiracy and the extent of Kiani's involvement therein. In general, the district court granted Kiani's counsel significant latitude in the conduct of cross-examination of the Government's witnesses. However, on several occasions, the district court sustained the Government's objections to counsel's line of questioning. Primarily, the court limited the inquiry to testimony directly relating to Kiani's role in the conspiracy. At the close of Kiani's defense, the district court rejected Kiani's proposed jury instruction defining conspiracy in favor of its own instruction. On that charge, the jury returned its guilty verdict.

In this appeal, Kiani makes two assignments of error. Kiani first suggests that the district court abused its discretion by impermissibly limiting his opportunity to cross-examine the witnesses against him. He contends that the court's rulings hampered his ability to impugn the credibility of the Government's witnesses with their motivation for fabricating testimony against Kiani. This appeal also attacks the district court's jury instructions. Specifically, Kiani argues that the district court erred in its definition of the elements of conspiracy for the jury and that this error confused the jury and encouraged them to convict Kiani on something less than sufficient evidence to support the conspiracy charge. Because we find no merit to either of these claims, we affirm the district court's judgment in this criminal case.

Kiani challenges the district court's rulings limiting the scope of counsel's cross-examination of the prosecution's witnesses. In this appeal, Kiani suggests that the district court limited counsel to ques-

2

tions about Kiani's role in the conspiracy and curtailed counsel's exploration of the contents of the government witnesses' plea agreements. Restrictions on the scope of cross-examination are within the sound discretion of the trial judge, and trial courts are generally given wide latitude to set reasonable limits to prevent harassment, prejudice, or confusion of the issues. See United States v. Ambers, 85 F.3d 173, 176 (4th Cir. 1996); United States v. McMillon , 14 F.3d 948, 956 (4th Cir. 1994). The district court retains this discretion even "when cross-examination pertains to the motivation of a witness testifying for the government," including, as here, the potential sentences faced by the witness. Ambers, 85 F.3d at 176. An abuse of the court's discretion regarding the conduct of the criminal trial occurs when the court fails or refuses to exercise its discretion or when the court's exercise of discretion is flawed by an erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

This court must determine whether the jury possessed sufficient evidence to enable it to make a "discriminating appraisal" of bias and incentives to lie on the part of a witness. See United States v. Cropp, 127 F.3d 354, 359 (4th Cir. 1997), cert. denied , ___ U.S. ___, 66 U.S.L.W. 3491 (U.S., Jan. 26, 1998) (No. 97-7265). The defendant must be allowed an opportunity to examine a witness's understanding of the government's offer of leniency "for it is this understanding which is of probative value on the issue of bias." Hoover v. Maryland, 714 F.2d 301, 305 (4th Cir. 1983). There is no evidence on the record that Kiani was denied such an opportunity. Kiani has identified no ruling on the part of the district court that approaches an abuse of discretion. Our review of counsel's cross-examination of the Government's witnesses, including the government's objections that were sustained by the district court, reveals that the jury was presented with sufficient evidence to make an appropriate appraisal of each witness's motivation to testify falsely. As a result, we find no merit to Kiani's contention that the district court abused its discretion with regard to the scope of counsel's cross-examination of the government's witnesses.

Kiani next asserts that the district court's instruction to the jury on the conspiracy charge erroneously suggested that the jurors did not need to consider all the elements of the offense to return a guilty verdict. Kiani further contends that the district court did not so much as

3

charge the jury regarding the definition of conspiracy as "ramble[] on about it." In addition, Kiani suggests that the jury could have been sufficiently confused to convict Kiani of the uncharged substantive offense rather than the charged conspiracy.

Our review of the record reveals that the district judge's instruction, when reviewed as a whole, see United States v. Hester, 880 F.2d 799, 803-04 (4th Cir. 1989), adequately and correctly explained how the jury should determine whether Kiani was a culpable participant in a conspiracy. The court described the elements of conspiracy, including: 1) the existence of an agreement to effectuate a criminal act between at least two people; 2) Kiani's knowledge of the conspiracy; and 3) Kiani's knowingly and voluntarily became a part of the conspiracy. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996), cert. denied, ___ U.S. #6D6D 6D#, 65 U.S.L.W. 3586 (U.S., Feb. 24, 1997) (No. 96-6868). The court then explained each of the elements and made clear that the government had the burden of proving all elements beyond a reasonable doubt.

The district court's thorough charge in no manner suggested to the jury that it need not consider all the elements of the offense. The court specifically instructed the jury regarding each of the elements of the offense and the government's burden of proof with respect to each of them. Moreover, there is no evidence of record that would suggest that the jury was confused by the district court's charge. Contrary to Kiani's contention, the jury instructions as given did not suggest to the jury that it was permitted to return a conviction on the substantive offense alone. Finally, we cannot say on our review of the transcribed jury instructions that the district court was impermissibly verbose in describing the legal definition of conspiracy. There is no merit to Kiani's challenge to the jury instructions.

Kiani's assignments of error give us no cause to disturb the district court's judgment. Accordingly, we affirm Kiani's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4